## Empire Fire & Marine Insurance Co. v. Padilla

C.P. of Berks County, no. 1403-93 AD, 97-8875.

*Joan D. Daly,* for plaintiffs.
*Jonathan F. Ball,* for defendant Liberty Mutual Insurance Co.

SCHAEFFER, *S.J.,* April 22, 1998—Defendant Liberty Mutual Insurance Company appeals from this

court's order of September 10, 1997, granting plaintiffs' motion for summary judgment and this court's order of September 10, 1997, denying defendant Liberty Mutual Insurance Company's motion for summary judgment. Because there exists no genuine issue as to any material fact and plaintiffs are entitled to a judgment as a matter of law, this court properly granted plaintiffs' motion for summary judgment and properly denied defendant Liberty Mutual Insurance Company's motion for summary judgment.

This action arises out of a dispute over whether plaintiff Beltran was insured under a business auto policy issued by Liberty Mutual Insurance Company. In his motion, plaintiff Beltran alleged that: on June 30, 1990, he rented a 1989 Ford 15-passenger van from DeCarlo's Rent-A-Car; the van was titled and registered in Pennsylvania as a private passenger vehicle under license plate number UYL-210; Beltran intended to use the van to transport laborers from Reading, Pennsylvania to Gloucester, Massachusetts where they were to clean a fish factory.

On July 1, 1990, Beltran was involved in a one-vehicle accident on the New Jersey Turnpike northbound, in the Cherry Hill area. The van went off the road and overturned. At the time of the accident, the van contained 11 passengers, including: defendants Roberto Negron Padilla, Manuel Soto, Guadalupe Ruiz, Victor Santiago, Raul Hernandez and William Cortez-Amaro. All 11 occupants of the van, plus Beltran, sustained serious injuries in the accident.

As a result of the accident, the aforementioned defendants brought separate suits in the Court of Common Pleas of Berks County, naming Beltran as defendant.

Plaintiff Beltran contended that he was entitled to insurance coverage for the accident pursuant to a policy

of insurance issued by Empire Fire and Marine Insurance Company to DeCarlo's Rent-A-Car. The maximum amount of insurance coverage available under the Empire policy is $15,000 per person, $30,000 per accident and $5,000 in property damage. The claims asserted against plaintiff Beltran by all the parties involved were in excess of the Empire policy's $30,000 policy limit. By stipulation on November 23, 1993, Empire agreed to pay the $30,000 policy limit to the court.

In response to the aforementioned claims, plaintiff Beltran sought coverage pursuant to the policy he had with Liberty Mutual Insurance Company. Liberty Mutual had issued a business auto policy, through the Pennsylvania Automobile Insurance (assigned risk) Plan, to Alejandro L. Beltran, at his residence at 401 A. 7th Street, Reading, Berks County, Pennsylvania, for the term of September 7, 1989 to September 7, 1990. The Liberty Mutual policy provided insurance coverage in the amount of $100,000. The claims asserted by all the parties involved in the underlying actions are in excess of the $100,000 policy limit afforded to Beltran by Liberty Mutual.

On January 25, 1993, Liberty Mutual notified Beltran that a law firm designated by Liberty Mutual would cooperate with his personal attorney and be defending Beltran in the *Padilla v. Beltran* lawsuit, pursuant to the terms of the policy. On February 23, 1993, Liberty Mutual notified Beltran that it was denying coverage on the basis that "the vehicle you were driving at the time of the accident . . . is not specifically listed as a covered auto on your business auto policy . . . ."

On March 22, 1993, plaintiffs Beltran and Empire filed a complaint for declaratory judgment in this court, seeking a declaration of their rights and liabilities under the Liberty Mutual insurance policy. Both plaintiffs Bel-

tran and Empire and defendant Liberty Mutual moved for summary judgment. In its motion, plaintiffs Beltran and Empire requested this court to declare that Liberty Mutual had an obligation to defend and indemnify Beltran in the lawsuits, and to order Liberty Mutual to pay its policy limit of $100,000 into the court, as well as to pay to Empire its pro rata share of the costs Empire had incurred in defending Beltran. After hearing oral argument on the matter, this court declared that Liberty Mutual owed a duty to defend and indemnify plaintiff Beltran, but declined to order Liberty Mutual to pay its policy limits into the court or to allocate the costs between Empire and Liberty Mutual until such time as the underlying trespass actions were resolved.

The appellate court's scope of review in an action for summary judgment is confined to whether there has been an error of law or a clear abuse of discretion. *Accu-Weather Inc. v. Prospect Communications Inc.,* 435 Pa. Super. 93, 644 A.2d 1251 (1994).

"Generally, the proper construction of a policy of insurance is a matter of law which may properly be resolved by a court pursuant to a motion for summary judgment." *Frain v. Keystone Insurance Co.,* 433 Pa. Super. 462, 466, 640 A.2d 1352, 1354 (1994). The trial court must accept as true all well-pleaded facts relevant to the issues in the non-moving party's pleadings, and give to him or her the benefit of all reasonable inferences to be drawn therefrom. *Stidham v. Millvale Sportsmen's Club,* 421 Pa. Super. 548, 618 A.2d 945 (1992). A grant of summary judgment is proper where the pleadings, depositions, answers to interrogatories, admissions of record and affidavits on file support the lower court's conclusion no genuine issue of material

fact exists and the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035.

Appellant Liberty Mutual argues, both in its motion for summary judgment and its concise statement of matters complained of on appeal, that the language of its insurance policy and endorsements clearly exclude coverage to Mr. Beltran for the accident in which he was involved. We disagree. The pertinent sections of the business auto policy are set forth below:

*"(A) Coverage*

"We will pay all sums an *insured* legally must pay as damages because of *bodily injury* or *property damage* to which this insurance applies, caused by an *accident* and resulting from the ownership, maintenance or use of a covered *auto*." (emphasis in original)

A "covered auto" is listed as follows: The Liberty Mutual policy was issued utilizing a symbol "7" for liability coverage/covered autos, defined in the policy as: "7 = Specifically Described *Autos*. Only those *autos* described in . . . the declarations . . . ." (emphasis in original)

The policy also had an endorsement which changed the coverage of the policy:

*"Endorsement*

*This Endorsement Changes The Policy. Please Read It Carefully.*

*Individual Named Insured*

This endorsement modifies insurance provided under the following:

Business Auto Coverage Form . . .

If you are an individual, the policy is changed as follows:

*(A) Changes In Liability Coverage . . .*

*(2) Personal Auto Coverage*

While any *auto* you own of the *private passenger-type* is a covered *auto* under Liability Coverage: . . .

(B) Any *auto* you don't own is a covered auto while being used by you or by any *family member* except:

(1) Any *auto* owned by any *family members.*

(2) Any *auto* furnished or available for you or any *family member's* regular use.

(3) Any *auto* used by you or by any of your *family members* while working in a business of selling, servicing, repairing or parking autos.

(4) Any *auto* other than an *auto* of the *private passenger-type* used by you or any of your *family members* while working in any other business or occupation." (emphasis in original)

This provision of the policy literally means "any auto you don't own is a covered auto while being used by you, except that any auto is not covered unless it is of the private passenger-type used by you in another business or occupation, in which case it is covered."

Applied to the situation in the case at bar, the policy covers the auto Beltran was driving because *"Any auto that you* (the plaintiff Beltran) *don't own* (and this includes the rented auto Beltran was driving) *is a covered auto while being used by you* (and the auto in question was being used by Beltran), *except any auto is not covered unless it is of the private passenger-type* (the auto Beltran was using was of the private passenger-

type) *used by you while working in any other business or occupation* (other than the business of selling or servicing or parking autos) (Beltran was using the auto in the business of transporting laborers from one place to another)."

The language of the policy and the endorsement do *not* clearly exclude coverage for Mr. Beltran for the accident in which he was involved. This language says that the private passenger-type van that was not owned by Beltran, but used by him while working in a business or occupation that was not a business of selling, servicing, repairing or parking autos, is covered. It was therefore reasonable for Beltran to expect that he was covered.

Liberty Mutual asserted in its February 23, 1993 letter to Beltran that coverage was denied on the basis that "the vehicle you were driving at the time of the accident is not specifically listed as a covered auto on your business auto policy." By its inclusion under (A) Changes In Liability Coverage, (2) Personal auto coverage, section (B), subsection (4), the rented van is *excluded* from *not* being covered. At best, the wording of the coverage is ambiguous, such that Liberty Mutual's own agents were confused as to what was, and what was not, covered. Therefore, this court construed the instrument in favor of the insured. The principles governing the interpretation of a contract of insurance are well settled. The Pennsylvania Supreme Court has said, "Where the provision of the policy is ambiguous, the policy provision is construed in favor of the insured and against the insurer, the drafter of the instrument." *Bateman v. Motorists Mutual Insurance Co.*, 527 Pa.

241, 245, 590 A.2d 281, 283 (1991). See also, *Bamber v. Lumbermens Mutual Casualty Co.*, 451 Pa. Super. 548, 680 A.2d 901 (1996).

For the above stated reasons, this court properly granted plaintiffs' motion for summary judgment and properly denied defendant Liberty Mutual Insurance Company's motion for summary judgment.